UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x
MIGUEL ANGEL UHL,                    :
              Plaintiff,               :
                                   :
v.                                   :
                                   :
NURSE WENDY, NURSE JAMIE, NURSE       :
DAWSON, C.O. COLE, C.O. NOREN, C.O.   :
WITAVIEN, C.O. SKOW, C.O. LEWIS,      :
CAPT. GIRTY, CAPT. DAWSON, SGT.       :
HAMMELL, SGT. BASSETT, LT. BINI,      :
SGT. LYNCH,                           :
              Defendants.              :
--------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/7/16

**OPINION AND ORDER**

15 CV 6923 (VB)

Briccetti, J.:

    Plaintiff Miguel Angel Uhl, proceeding pro se, brings this Section 1983 civil rights action, alleging defendants, employees of Sullivan County jail, were deliberately indifferent to plaintiff's medical needs, among other alleged constitutional violations. Plaintiff also brings state law claims for negligence and medical malpractice against the same defendants.

    Now pending is defendants' unopposed motion to dismiss the Complaint. (Doc. #22).

    For the following reasons, the motion is GRANTED. However, plaintiff is granted leave to file an amended complaint.

    The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1367(a).

## BACKGROUND

    In deciding the pending motion, the Court accepts as true all well-pleaded allegations and draws all reasonable inferences in plaintiff's favor. The following facts are taken from plaintiff's complaint and the document attached thereto.

    Plaintiff was an inmate at Sullivan County Jail at all relevant times.

Copies Mailed/Faxed
Chambers of Vincent L. Briccetti

On or about August 6, 2015, plaintiff allegedly began to suffer abdominal pain, and over the course of the day, reportedly informed several jail staff members, including Nurse Wendy Moore,[1] Cpl. Justin Dawson, an unnamed corrections officer, and unspecified jail nurses, about this pain. In response, nurses provided plaintiff with Pepto-Bismol and milk of magnesia, and instructed him to lie down. These measures failed to alleviate the pain, which instead worsened. Plaintiff alleges Nurse Moore told him at some point, "if you think you['re] going to the hospital you have another thing coming." (Compl. at 3). Eventually, a nurse informed plaintiff the medical staff would see him the following day.

On August 7, 2015, plaintiff allegedly continued to complain of pain and to request treatment. At around 6:30 p.m., plaintiff was seen by another nurse. Plaintiff told the nurse about the severity of his pain, and showed the nurse swelling in the "lower area" of his stomach. Later that evening, the nurse received the jail doctor's authorization to bring plaintiff to the hospital.

Shortly thereafter – approximately 36 to 72 hours after plaintiff allegedly first complained to jail staff[2] – he was taken to the hospital, where a doctor diagnosed him with a ruptured appendix and ordered emergency surgery. The doctor allegedly told plaintiff he made it to the hospital "just in time" and would have died had he been left untreated for two more days.

---

[1]      Names that are incorrect in the complaint have been amended consistent with the information provided in defendants' submissions. (See Defs.' Br. at 1).

[2]      It is unclear exactly when plaintiff was transferred to the hospital. At one place in his complaint, he states he was told "he would be seen . . . on Friday August 7th, 2015," and describes events that took place "later that evening," including being taken to the hospital. (Compl. at 9-10). However, in another place, plaintiff refers to interacting with jail staff "2 days" after he reported the initial pain, suggesting he did not go to the hospital until August 8, 2015, or later. (Id. at 3). If plaintiff chooses to amend his complaint, he should be more precise about the exact dates on which these events occurred, to the best of his recollection.

Plaintiff was discharged from the hospital on August 14, 2015, and Sergeant Lynch drove him back to the jail. Plaintiff alleges Sergeant Lynch failed to secure a safety belt around plaintiff and drove in excess of 75 to 80 miles per hour. Plaintiff also claims that several days after returning to the jail, Sergeant Lynch verbally harassed him, calling him "foul names." (Compl. at 5). Finally, plaintiff alleges at an unspecified time during these events, Captain Ginty refused to let plaintiff use the phone to call his attorney.

## DISCUSSION

I.   Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and are thus not sufficient to withstand a motion to dismiss. Id. at 678. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Id. at 678. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

The Court must liberally construe submissions of pro se litigants, and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted). Applying

the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges

civil rights violations.  See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir.

2008).  "Even in a pro se case, however . . . threadbare recitals of the elements of a cause of

action, supported by mere conclusory statements, do not suffice."  Chavis v. Chappius, 618 F.3d

162, 170 (2d Cir. 2010) (internal quotation marks and citation omitted).  Nor may the Court

"invent factual allegations" plaintiff has not pleaded.  Id.

II.     Deliberate Indifference to Plaintiff's Medical Needs

   Liberally construed, plaintiff claims defendants were deliberately indifferent to his

medical needs.  To assert a constitutional claim for inadequate medical care under Section 1983,

plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to

serious medical needs." [3]  Estelle v. Gamble, 429 U.S. 97, 106 (1976).  This test has both an

objective and a subjective component: (i) the alleged deprivation of medical care must be

"sufficiently serious" (i.e., the objective component), and (ii) the officials in question must have

acted with a "sufficiently culpable state of mind" (i.e., the subjective component).  Salahuddin v.

Goord, 467 F.3d 263, 279-80 (2d Cir. 2006).

   The Court will evaluate each in turn.

  A.     Objective Component: Sufficiently Serious Deprivation

   To satisfy the objective component of a claim for deliberate indifference to medical

needs, plaintiff must allege, first, he "was actually deprived of adequate medical care," keeping

in mind that only "reasonable care" is required.  Salahuddin v. Goord, 467 F.3d at 279.  Second,

---

[3] Although neither plaintiff nor defendants specify whether plaintiff was incarcerated at
Sullivan County Jail as part of pretrial detention, implicating the Fourteenth Amendment, or
while serving a sentence of imprisonment, implicating the Eighth Amendment, the distinction is
immaterial here because the standards for a deliberate indifference to medical needs claim are the
same in both situations.  Caiozzo v. Koreman, 581 F.3d 63, 69-72 (2d Cir. 2009).

plaintiff must allege the "inadequacy in medical care is sufficiently serious," id. at 280, e.g., "one

that may produce death, degeneration, or extreme pain." Hathaway v. Coughlin, 99 F.3d 550,

553 (2d Cir. 1996) (internal quotation marks and citation omitted).

Moreover, it is "the particular risk of harm faced by a prisoner due to the challenged

deprivation of care, rather than the severity of the prisoner's underlying medical condition,

considered in the abstract, that is relevant." Smith v. Carpenter, 316 F.3d 178, 185-86 (2d Cir.

2003). As such, when, as here, a delay in treatment is alleged, only those injuries specifically

attributed to the delay will be considered. Id. at 185. A plaintiff may show delayed medical care

warrants constitutional protection by alleging the delay worsened his condition or increased the

risk of future injury. See Graham v. Wright, 2004 WL 1794503, at *4 (S.D.N.Y. Aug. 10, 2004),

aff'd 136 F. App'x 418 (2d Cir. 2005).[4]

Here, plaintiff alleges defendants deprived him of adequate medical care by delaying

sending him to the hospital for approximately 36-72 hours, this delay caused the condition to

worsen, and further delay in plaintiff's treatment could have had life-threatening consequences.

Accordingly, he has satisfied the objective prong of the deliberate indifference claim.

B.     Subjective Component: Deliberate Indifference

"Deliberate indifference is a mental state equivalent to subjective recklessness, as the

term is used in criminal law. This mental state requires that the charged official act or fail to act

while actually aware of a substantial risk that serious harm will result[,] and entails more than

mere negligence." Salahuddin v. Goord, 467 F.2d at 280 (internal quotations omitted).

A prison official's intentional denial of or delay in providing medical care may constitute

deliberate indifference. Nelson v. Rodas, 2002 WL 31075804, at *12 (S.D.N.Y. Sept. 17, 2002).

_____

[4]     Plaintiff will be provided with copies of all unpublished opinions cited in this decision.
See Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).

However, an "inadvertent failure to provide adequate medical care" does not constitute deliberate indifference. Estelle v. Gamble, 429 U.S. at 105. Thus, although a delay in treatment intended to punish a prisoner constitutes deliberate indifference, see Archer v. Dutcher, 733 F.3d 14, 17 (2d Cir. 1984), "a delay in treatment based . . . on an erroneous view that the condition is benign" may not. Harrison v. Barkley, 219 F.3d 132, 139 (2d Cir. 2000).

Plaintiff has failed to allege any defendant was deliberately indifferent to his medical needs. The nurses' recommendations that plaintiff lie down and take Pepto-Bismol and milk of magnesia suggest they believed the pain was caused by a less severe illness.[5] Even the comment allegedly made by Nurse Moore that, "if you think you['re] going to the hospital you have another thing coming," (Compl. at 3), is insufficient to show she was actually aware of the severity of plaintiff's condition or intended to punish him for any reason.

Accordingly, plaintiff has failed plausibly to allege the subjective component of the test and, as a result, his claim for deliberate indifference to medical needs fails as a matter of law.

III.   Other Section 1983 Claims

Liberally construed, plaintiff also alleges Section 1983 claims arising from the incidents purportedly occurring after plaintiff was discharged from the hospital, namely that the officer who drove him back to the jail from the hospital did not fasten his safety belt and drove over the speed limit, that the same officer later verbally abused him, and that he was denied phone communication with his attorney.

---

[5]      With the exception of Nurse Moore and Cpl. Dawson, plaintiff also fails to state which defendants he spoke with on each particular occasion. Instead, plaintiff includes a list of names unconnected with particular events at the end of his complaint. Accordingly, plaintiff has failed allege the personal involvement of the remaining defendants. See Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995) (describing the methods by which a plaintiff may allege the personal involvement of a defendant in a Section 1983 claim).

Plaintiff has failed to state a claim upon which relief can be granted with respect to any of these incidents.

First, "neither the Constitution, nor any federal statute guarantees a prisoner's right to non-negligent driving by government employees." Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004). Plaintiff's allegations that Sergeant Lynch failed to provide seatbelts and drove "too fast for the road conditions" sound in negligence, and are therefore insufficient to state a claim under Section 1983. Id. at 436-37.

Second, plaintiff's allegation that Sergeant Lynch verbally abused him does not state a claim because "[v]erbal abuse, threats, and intimidation standing alone, without injury or damage, do not amount to a constitutional deprivation." Malik v. City of New York, 2012 WL 3345317, at *12 (S.D.N.Y. Aug. 15, 2012) report and recommendation adopted, 2012 WL 4475156 (S.D.N.Y. Sept. 28, 2012) (citing Purcell v. Coughlin, 790 F.2d 263, 265 (2d Cir. 1986)).

Finally, "[p]hone restrictions do not impinge on a prisoner's constitutional rights where an inmate has alternate means of communicating with the outside world, and particularly with counsel." Henry v. Davis, 2011 WL 3295986, at *2 (S.D.N.Y. Aug. 1, 2011) report and recommendation adopted, 2011 WL 5006831 (S.D.N.Y. Oct. 20, 2011) (collecting cases). Plaintiff has not alleged that he was denied other means of communication with his attorney, such as mail privileges.

Thus, plaintiff has not plausibly stated a claim upon which relief can be granted with respect to any these incidents.

IV.    State Law Claims

Plaintiff's complaint contains state law tort claims for negligence and, liberally construed, medical malpractice.  Having dismissed plaintiff's federal claim, the Court declines to exercise supplemental jurisdiction over any state law claims in plaintiff's complaint pursuant to 28 U.S.C. § 1367(c)(3).

V.    Leave to Amend

District courts "should not dismiss [pro se complaints] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation omitted). Accordingly, the Court will allow plaintiff to amend his complaint with respect to his deliberate indifference to medical needs claims and the related state law claims.  However, plaintiff may not amend his complaint with respect to the claims discussed in Part III, supra, because there is no indication that a valid claim might be stated based on the incidents discussed therein.

Plaintiff is directed to state in his amended complaint (i) which corrections officers and nurses he spoke to each time he complained of his abdominal pain; (ii) the content, dates, and times of those conversations, to the best of plaintiff's recollection; and (iii) any other acts or statements indicating defendants' subjective awareness of the severity of plaintiff's condition.

Plaintiff is reminded that any factual allegation in the amended complaint must be true to the best of his knowledge, information, and belief.  See Fed. R. Civ. P. 11(b)(3).  Because the amended complaint will completely replace the original complaint, plaintiff should include in the amended complaint all information necessary to state a claim.

Plaintiff is further directed to attach to his amended complaint any grievances he filed

with respect to the delay in medical treatment, as well as all evidence relating to his efforts to

exhaust his administrative remedies prior to commencing this action.[6]

## CONCLUSION

Accordingly, defendants' motion to dismiss is GRANTED.

Plaintiff is granted leave to file an amended complaint, which must be filed by January 7,

2017.   Plaintiff is directed to utilize the Amended Complaint form attached to this Opinion and

Order.  If plaintiff chooses to file an amended complaint, it must be mailed to the Pro Se Clerk at

the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601.

**If plaintiff does not file an amended complaint by January 7, 2017, this case may be**

**dismissed with prejudice.**

The Clerk is instructed to terminate the pending motion.  (Doc. #22).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  December 7, 2016
        White Plains, NY

                              SO ORDERED:

                              Vincent L. Briccetti
                              United States District Judge

---

[6]     Based on the face of the complaint, it appears plaintiff did not exhaust the grievance
procedures available at Sullivan County Jail.  However, defendants did not move to dismiss on
that basis.  Accordingly, the Court will not dismiss the case for failure to exhaust administrative
remedies at this time.  See Abney v. McGinnis, 380 F.3d 663, 667 (2d Cir. 2004) (noting
exhaustion is an affirmative defense that defendants may waive by failing to raise it).

9

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____
_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s).  If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names.  The names listed in the above caption must be identical to those contained in Part I.  Addresses should not be included here.)*

**AMENDED COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial:  ☐ Yes    ☐ No

(check one)

___ Civ. _____ (   )

**I.      Parties in this complaint:**

A.      List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's      Name_____
                 ID#_____
                 Current Institution_____
                 Address_____
                 _____

B.      List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1      Name _____ Shield #_____
                     Where Currently Employed _____
                     Address _____
                     _____

Defendant No. 2        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 3        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

<div style="border:1px solid black; display:inline-block; padding:4px;">Who did what?</div>

Defendant No. 4        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

Defendant No. 5        Name _____ Shield #_____

Where Currently Employed _____

Address _____

_____

## II.  Statement of Claim:

State as briefly as possible the _facts_ of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.        In what institution did the events giving rise to your claim(s) occur?

_____

_____

B.        Where in the institution did the events giving rise to your claim(s) occur?

_____

C.        What date and approximate time did the events giving rise to your claim(s) occur?

_____

_____

_____

D.        Facts:_____

<div style="border:1px solid black; display:inline-block; padding:4px;">What happened to you?</div>

_____

_____

_____

_____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

**Was anyone else involved?**

_____
_____
_____
_____
_____
_____

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____
_____
_____
_____
_____
_____
_____
_____
_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.      Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.      Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

        Yes _____      No _____      Do Not Know _____

C.      Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

        Yes _____      No _____      Do Not Know _____

        If YES, which claim(s)?

        _____

D.      Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

        Yes _____      No _____

        If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

        Yes _____      No _____

E.      If you did file a grievance, about the events described in this complaint, where did you file the grievance?

        _____

        1.      Which claim(s) in this complaint did you grieve?

                _____

                _____

        2.      What was the result, if any?

                _____

                _____

        3.      What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

        _____

        _____

        _____

        _____

F.      If you did not file a grievance:

        1.      If there are any reasons why you did not file a grievance, state them here:

                _____

                _____

                _____

_____
_____
_____

2.      If you did not file a grievance but informed any officials of your claim, state who you
        informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.      Please set forth any additional information that is relevant to the exhaustion of your administrative
        remedies.

_____
_____
_____
_____
_____
_____
_____

Note:   You may attach as exhibits to this complaint any documents related to the exhaustion of your
        administrative remedies.

## V.      Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that
you are seeking and the basis for such amount).   _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.    Previous lawsuits:**

<div style="float:left; border:1px solid black; padding:4px;">On these claims</div>

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____   No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____   No _____
If NO, give the approximate date of disposition_____

7.    What was the result of the case?  (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

<div style="float:left; border:1px solid black; padding:4px;">On other claims</div>

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____   No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____  No _____

If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?)  _____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

Signature of Plaintiff      _____

Inmate Number             _____

Institution Address        _____

_____

_____

_____


Note:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide their inmate numbers and addresses.

I declare under penalty of perjury that on this _____ day of _____, 20__, I am delivering this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for the Southern District of New York.

Signature of Plaintiff:  _____

*Rev. 01/2010*                                          7